STONE, J.
Affirmed. Appellant, an attorney, represented Shore Drive Apartments (Shore Drive), where Keke and John Anderson lived. Keke Anderson obtained from Appellant a copy of his trust account check purportedly transferring funds from a 1992 foreclosure proceeding to Shore Drive. The check was made payable to a bank. Under circumstances which are disputed, Keke Anderson obtained from the bank’s teller a copy of a bank statement showing that the funds were deposited in a personal account and not an account of Shore Drive.
At the same time, Appellant was the subject of an unrelated Florida Bar disciplinary proceeding in which Keke Anderson provided Appellant’s private bank records from the Shore Drive transaction to the Florida Bar. Appellant then filed an amended petition to resign, which the supreme court accepted, granting him leave to apply for re-admission after five years.
*64 Appellant sued the Andersons alleging fraud against Keke Anderson and invasion of privacy against both. Appellant’s damage claim is based on the assertion that as a result of the Andersons’ conduct, he had no alternative but to resign from the bar. He claimed loss of income from the practice of law for the five years that he would not be allowed to practice in Florida.
Upon commencing the trial, in granting an Appellee motion in limine, the court stated:
I don’t see how he [Appellant] can get loss of income for being a lawyer if he resigned. You can certainly bring it out to the jury that he was forced to resign, but we’re talking about expert’s testimony.
Appellant subsequently did not introduce any evidence of damages, an essential element of his claim. Appellant acknowledged to the court that since he had no evidence to present of loss of income, the Andersons were entitled to a defense judgment.
Appellant has failed to demonstrate any reversible error or abuse of discretion by the trial court. As we have resolved the issue on the merits adversely to Appellant, we do not address the waiver issues argued on appeal.
POLEN and STEVENSON, JJ., concur.